United States District Court
Southern District of Texas
FILED

SEP 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTEMIO HERNANDEZ MARTINEZ | § | |
| AS NEXT FRIEND OF RAUL | § | |
| MARTINEZ MOLINA, A MINOR | § | Civil Action No. B-01-151 |
| | § | |
| v. | § | Jury Requested |
| | § | |
| UNION PACIFIC RAILROAD | § | |
| COMPANY AND BROWNSVILLE & | § | |
| MATAMOROS BRIDGE CO. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ARTEMIO HERNANDEZ MARTINEZ, AS NEXT FRIEND OF RAUL MARTINEZ MOLINA, A MINOR, hereinafter called Plaintiff, complaining of UNION PACIFIC RAILROAD COMPANY and BROWNSVILLE & MATAMOROS BRIDGE COMPANY, (referred to collectively as Defendants) and for cause of action would show the following:

### I.

Plaintiff is a citizen of the Republic of Mexico and jurisdiction of this cause of action is founded on the diversity of citizenship under 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In addition, this Court has pendent jurisdiction for state law claims pursuant to 28 U.S.C. § 1367.

### II.

Defendant, UNION PACIFIC RAILROAD COMPANY, is a corporation, association, joint stock company, partnership, or other form of business organization organized and existing by virtue of law. The Defendant, UNION PACIFIC RAILROAD COMPANY, may be served by serving its

agent for service, Ms. Norma G. Davenport, General Solicitor, 808 Travis Street, Suite 620, Houston, Texas 77002.

Defendant, BROWNSVILLE & MATAMOROS BRIDGE COMPANY is a corporation, association, joint stock company, partnership, or other form of business organization organized and existing by virtue of law. The Defendant, BROWNSVILLE & MATAMOROS BRIDGE COMPANY may be served by serving its President and Chief Operating Officer, Jose F. Galvan, 1300 Mexico Blvd., Brownsville, Texas 78522.

### III.

On or about August 10, 2000, RAUL MOLINA MARTINEZ, a minor child thirteen (13) years of age was a foreseeable pedestrian attempting to cross the railroad tracks of Defendants, located in Matamoros, Mexico. Plaintiff entered the area of railroad tracks where the accident occurred through an open, unattended security gate. While attempting to cross the tracks and the right-of-way owned and/or controlled by Defendants, a train operated by Union Pacific, suddenly and without adequate warning, proceeded to move as Raul Molina Martinez crossed the tracks. The lower portion of the child's right leg was run over by the Union Pacific train requiring amputation of that portion of his leg.

Defendants knew or should have known that the above described area of railroad tracks were susceptible to pedestrians, specifically children, attempting to cross the tracks at that location unless adequate measures were taken to maintain a secured area and prevent pedestrians from crossing in this area where there was a high volume of train traffic.

Further, Defendants by and through theirs employees, agents, servants and/or representatives, had actual knowledge and awareness, prior to movement of the train, that RAUL MOLINA

MARTINEZ had entered the area where the accident occurred. Nevertheless, Defendants, in reckless disregard of this knowledge, proceeded to cause the train to move resulting in the child's injuries.

V.

The incident of August 10, 2000, out of which this suit arises, resulted from the negligence of the Defendants, including but not limited to one or more of the following particulars:

1. In Defendants' failure to maintain a secure area;

2. In Defendants' failure to provide adequate warning devices and procedures prior to the movement of its trains;

3. In Defendants' failure to maintain a proper lookout;

4. In Defendants' failure to provide adequate warning signs;

5. In Defendants' failure to maintain the proper amount of personnel in and around the extra hazardous area where this incident occurred;

6. In Defendants' allowing to exist extra hazardous railroad conditions in close proximtiy to highly populated areas;

7. In Defendants' failure to maintain a consistent time schedule for the movement of its trains.

Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the incident made the basis of this suit and of the injuries suffered by RAUL MOLINA MARTINEZ and of the damages sustained by him as a result thereof.

VI.

For further cause of action, Plaintiff would show that Plaintiff has endured great and excruciating physical pain and suffering and mental anguish, and will continue to endure such pain and mental anguish for the remainder of his life, all as a proximate result of Defendant's actions.

## VII.

For further cause of action, Plaintiff would show a loss of future earning capacity which is a proximate result of Defendant's actions.

## VIII.

On account of the nature, seriousness and severity of his injuries, Plaintiff has incurred extensive liability for payment of medical care, emergency services and medical products and will continue to incur said expenses in the future. The charges which have been made for services and products rendered to Plaintiff have represented the usual, reasonable, and customary charges for like to similar services in the vicinity where they have been rendered. All of these services have been necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiff as a result of the incident in question. Plaintiff seeks the reasonable costs for medical services and medical products rendered in the past and those costs which Plaintiff will in all probability require in the future.

## IX.

Plaintiff would show that prior to the accident in question, Defendant UNION PACIFIC RAILROAD COMPANY, knew or should have known of the deficient and hazardous conditions of the railway area in question as well as Plaintiff's presence in and around this area. Despite such knowledge, actual or implied, Defendant failed to exercise ordinary care to correct same and/or take precautionary actions necessary to prevent the incident made the basis of this lawsuit. Defendant's aforementioned knowledge, actual or implied, and its actions and/or omissions, constituted malice and a heedless and reckless disregard of the rights and welfare of Plaintiff, and as such, was a proximate cause of the Plaintiff's damages. Therefore, Plaintiff seeks and is entitled to punitive

damages to deter such conduct by the Defendant and Defendant's agents in the future.

### X.

Plaintiff seeks prejudgment interest from August 10, 2000, until the date any judgment rendered in this cause has been satisfied in full.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests that th Defendant be duly cited in terms of law to appear and answer herein and that upon final trial hereof, Plaintiff has judgment against said Defendant in an amount in excess of the minimum jurisdictional limits of this Court with prejudgment interest and interest thereof at the legal rate. In addition thereto, Plaintiff seeks exemplary damages against the Defendant together with postjudgment interest on said judgment at the highest legal rate until paid, for costs of court in his behalf expended, and for such other and further relief, special and general, at law and in equity, to which he may show himself justly entitled.

Respectfully submitted this the ___7TH___ day of ___September___, 2001.

LAW OFFICES OF FRANK COSTILLA, P.L.L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:   (956) 541-4982
Facsimile:   (956) 544-3152

_____
Frank Costilla
State Bar No. 04856500
Federal ID No. 1509

**ATTORNEY FOR PLAINTIFF**