IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

**SEP 2 7 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTEMIO HERNANDEZ MARTINEZ, As | * | |
| Next Friend of RAUL MARTINEZ MOLINA, | * | |
| A Minor, | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | **CIVIL ACTION NO. B-01-151** |
| | * | |
| UNION PACIFIC RAILROAD COMPANY | * | |
| and BROWNSVILLE & MATAMOROS | * | |
| BRIDGE CO., | * | |
|     Defendants | * | |

## DEFENDANTS UNION PACIFIC RAILROAD COMPANY AND BROWNSVILLE & MATAMOROS BRIDGE COMPANY'S ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

COME NOW UNION PACIFIC RAILROAD COMPANY and BROWNSVILLE & MATAMOROS BRIDGE COMPANY, Defendants in the above entitled and numbered cause, and file this their Original Answer and Jury Demand in response to Plaintiff's Original Petition, would show the Court as follows:

### PLAINTIFFS' FAILURE TO STATE A CLAIM

1.    Defendants state that Plaintiff's Original Petition fails to state a claim upon which relief can be granted against Defendants.

### ANSWER

2.    Defendants admit that this Court has jurisdiction of this cause of action as alleged in Paragraph I of Plaintiff's Original Petition. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations that Plaintiff is a citizen of the Republic of Mexico. All remaining allegations in Paragraph I of Plaintiff's Original Petition are denied.

CHIPDF - www.fexio.com

3.     Defendants admit that Union Pacific Railroad Company is a Delaware corporation and may be served by serving Norma G. Davenport in Houston, Texas as alleged in Paragraph II of Plaintiff's Original Petition.  Defendants further admit that Brownsville & Matamoros Bridge Company is a corporation and may be served by serving Jose F. Galvan in Brownsville, Texas.

4.     Defendants admit that on or about August 10, 2000, Raul Molina Martinez attempted to cross railroad tracks in Matamoros by crawling under a moving train and was struck by that train.   All remaining allegations contained in Paragraph III of Plaintiff's Original Petition are denied.

5.     Defendants would state that Plaintiff's Original Petition does not contain a Paragraph IV, and therefore, there are no allegations in Paragraph IV to either admit or deny.

6.     Defendants deny the allegations contained in Paragraph V of Plaintiff's Original Petition.  Defendants specifically deny that the incident or any injuries allegedly sustained by Plaintiff were proximately caused by the negligence of Defendants, but rather assert that such incident and any injuries were proximately caused by the negligence of Plaintiff and/or Raul Molina Martinez and/or other third parties.

7.     Defendants deny the allegations contained in Paragraph VI of Plaintiff's Original Petition.

8.     Defendants deny the allegations contained in Paragraph VII of Plaintiff's Original Petition.

9.     Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VIII of Plaintiff's Original Petition, and therefore, deny same.  Defendants specifically deny

that Plaintiff is entitled to recover any damages for medical care, emergency services, and/or medical products from Defendants.

10.    Defendants deny the allegations contained in Paragraph IX of Plaintiff's Original Petition.  Defendants specifically deny that Plaintiff is entitled to recover punitive damages from Defendants.

11.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph X of Plaintiff's Original Petition, and therefore, deny same.

12.    Defendants deny that Plaintiff is entitled to a judgment, damages, exemplary damages, pre-judgment interest, post-judgment interest, costs, or any other relief prayed for in the prayer of Plaintiff's Original Petition.

13.    Defendants deny each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein.

<u>AFFIRMATIVE DEFENSES</u>

14.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's contributory negligence in that he failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's complaint.

15.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiff's claims are barred, in whole or in part, due to Plaintiff Raul Molina Martinez's contributory negligence in that he failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiff Martinez's acts and omissions, whether taken together or

separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's complaint.

16.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

17.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the act or omission of a person other than Defendants was the sole proximate cause of the accident in question.

18.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the acts or omissions of Plaintiff, Plaintiff Raul Molina Martinez, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

19.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

20.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

21.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that, pursuant to the Federal Railroad Safety Act of 1970 (45 U.S.C. §421, et seq.) and the Federal Highway Safety Act of 1970 (23 U.S.C. §401 et seq.) and more specifically 23 U.S.C. §409 and the federal laws, rules,

regulations, orders and standards enacted pursuant to these Acts, federal law delegates to the public agency having jurisdictional authorization, and not to the railroad, the responsibility and the authority for determining the need for and the selection of railroad highway grade crossings, crossing signals and classification of crossings. Federal law has preempted state law with reference to determination of the need for and the selection of traffic control devices that are installed at railroad highway crossings.

22.    Defendants state that this cause should be dismissed in its entirety for the reason that Plaintiff's alleged claims arise solely from actions in Mexico and are not proper claims to be brought in the courts of the United States.

23.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

24.    For further answer, and pleading in the alternative, if such be necessary, Defendants further specifically deny that they are liable for pre-judgment interest in this cause of action as pled by Plaintiff.

25.    For further answer, and pleading in the alternative, if such be necessary, Defendants state that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendants specifically deny, the assumption of risk on the part of Plaintiff and/or Plaintiff Raul Molina Martinez caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff is barred.

26.    For further answer, and pleading in the alternative, if such be necessary, Defendants state that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendants specifically deny, the failure of Plaintiff to mitigate the alleged

damages caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by such Plaintiff is barred or shall be reduced by an amount equal to the damages Plaintiff failed to mitigate.

27. For further answer, and pleading in the alternative, if such be necessary, Defendants further invoke the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendants allege that the negligence of Plaintiff and/or Raul Molina Martinez is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendants.

28. For further answer, and pleading in the alternative, if such be necessary, Defendants state that if Plaintiff was damaged as alleged in Plaintiff's Original Petition, which Defendants specifically deny, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiff's alleged damages, and therefore, any recovery by Plaintiff against Defendants is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

29. For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively deny that they are liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

30. For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and

capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

31.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United State Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a)    <u>Proscription on excessive fines</u>.  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

    (b)    <u>Requirements of Due Process</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

    (c)    <u>Requirement of Equal Protection Under the Law</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

    (d)    <u>Proscription on Ex Post Facto and Retroactive Law</u>.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

    (e)    Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages.  Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

32.    Defendants reserve the right to raise such additional defenses as may become available through investigation and discovery.

JURY DEMAND

33.    Pursuant to Rules 38 and 39, Federal Rules of Civil Procedure, Defendants hereby request trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants Union Pacific Railroad Company and Brownsville & Matamoros Bridge Company pray that Plaintiff take nothing by this suit, and that Defendants be awarded their costs, and have such other

and further relief, general and specific, at law or in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Joseph A. "Tony" Rodriguez
Federal Admissions No. 10107
State Bar No. 17146600
     R. Patrick Rodriguez
Federal Admissions No. 22949
State Bar No. 24002861
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
UNION PACIFIC RAILROAD COMPANY
AND BROWNSVILLE & MATAMOROS
BRIDGE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Defendants Union Pacific Railroad Company and Brownsville & Matamoros Bridge Company's Original Answer and Jury Demand in Response to Plaintiff's Original Petition was served upon counsel of record. to-wit:

> Frank Costilla
> Law Offices of Frank Costilla
> 5 East Elizabeth Street
> Post Office Drawer 4417
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Federal Rules of Civil Procedure, on this the _27th_ day of September, 2001.

_____
Joseph A. "Tony" Rodriguez