

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 27 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARTEMIO HERNANDEZ MARTINEZ § | |
| AS NEXT FRIEND OF RAUL § | |
| MARTINEZ MOLINA, A MINOR § | |
| § | Civil Action No. __B-01-151__ |
| v. § | (Jury Requested) |
| § | |
| UNION PACIFIC RAILROAD § | |
| COMPANY AND BROWNSVILLE & § | |
| MATAMOROS BRIDGE CO. | |

### PLAINTIFF'S AND DEFENDANTS' JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiff ARTEMIO HERNANDEZ MARTINEZ AS NEXT FRIEND OF RAUL MARTINEZ MOLINA, A MINOR and Defendants UNION PACIFIC RAILROAD COMPANY and BROWNSVILLE & MATAMOROS BRIDGE CO., and file this their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 14, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 26(f), a meeting of the parties was held on December 20, 2001 by teleconference and was attended by Frank Costilla for Plaintiff and Joseph A. "Tony" Rodriguez for Defendants Union Pacific Railroad Company and Brownsville-Matamoros Bridge Company

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

**ANSWER:** None

3. Briefly describe what this case is about.

**ANSWER:** On or about August 10, 2000, RAUL MOLINA MARTINEZ, a minor child thirteen (13) years of age and a Mexican citizen, attempted to cross the railroad tracks of Defendants, located in Matamoros, Mexico. While attempting to cross the tracks, a train operated by Union Pacific proceeded to move as Raul Molina Martinez crossed. The lower portion of the child's right leg was run over by the Union Pacific train requiring amputation of that portion of his leg. Plaintiff has alleged negligence against both Defendants among other causes of action.

4. Specify the allegation of federal jurisdiction.

**ANSWER:** Plaintiff is a citizen of the Republic of Mexico and jurisdiction of this cause of action is founded on the diversity of citizenship under 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In addition, this Court has pendent jurisdiction for state law claims pursuant to 28 U.S.C. § 1367.

5. Name the parties who disagree and the reasons.

**ANSWER:** The parties do not disagree on this Court's jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by who they are wanted.

**ANSWER:** The parties are unaware of any anticipated additional parties.

7. List anticipated interventions.

**ANSWER:** The parties are unaware of any anticipated interventions.

8. Describe class-action issues.

**ANSWER:** There are no class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Parties have agreed to exchange their initial disclosures by January 14, 2002.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matter raised in Rule 26(f).

**ANSWER:** The parties have agreed to exchange initial disclosures by January 14, 2002. The parties have further agreed that extensive discovery will be required to identify the facts of the case. Prior to initiating such discovery, the parties further agree to conduct settlement discussions reasonably promptly after the initial pretrial conference on January 14, 2002.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

**ANSWER:** Plaintiff anticipates sending interrogatories to both Defendants by February 15, 2002.

    C. When and to whom the defendants anticipate it may send interrogatories.

**ANSWER:** Defendant anticipates sending interrogatories to Plaintiff by February 15, 2002.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

**ANSWER:** Plaintiff anticipates taking the oral depositions of the train engineer operating the train, any of Defendants' employees who witnessed or were in any way involved with the incident, all fact witnesses, any of Defendants' employees who were responsible for maintaining security in and around the area where the incident occurred, and Defendants' expert witnesses.

    E. Of whom and by when the defendants anticipate taking oral depositions.

**ANSWER:** Defendants anticipate taking the oral depositions of Plaintiff, his brother Artemio Hernandez Martinez, all fact witnesses, Plaintiff's medical providers, and Plaintiff's expert witnesses.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER:** Plaintiff will designate experts, if any, and their reports 90 days before trial. Defendants will designate experts, if any, and their reports 60 days before trial.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:**    Plaintiff intends to depose those experts identified by Defendant within 30 days after their designation.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:**    Defendants intend to depose those experts identified by Plaintiff within 30 days after their designation.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:**    Presently, both parties are in agreement on the discovery plan.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:**    None.

12.    State the date the planned discovery can reasonably be completed.

**ANSWER:**    Thirty days before trial.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:**    The parties have agreed to conduct a settlement conference reasonably promptly after the January 14, 2002 initial pretrial conference.

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:**    The parties have conferred as required and have agreed to an early settlement conference.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**ANSWER:** Parties anticipate a settlement conference or mediation soon after the initial pretrial conference and another mediation prior to trial and after extensive discovery has been completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER:** Parties are not in opposition to trying the case before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

**ANSWER:** A demand for a jury has been timely made.

18. Specify the number of hours it will take to present the evidence in this case.

**ANSWER:** Parties anticipate a one-week trial of this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:** None.

20. List other motions pending.

**ANSWER:** None.

21. Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

**ANSWER:** None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ANSWER:**

    Frank Costilla
    Federal ID No. 1509
    State Bar No. 04856500
    LAW OFFICES OF FRANK COSTILLA, P.L.L.P.
    5 East Elizabeth Street
    Brownsville, Texas 78520
    Telephone:  (956) 541-4982
    Facsimile:  (956) 544-3152
    **ATTORNEY FOR PLAINTIFF**

    Eduardo Roberto Rodriguez
    Federal Admissions No. 1944
    State Bar No. 17144000
    Joseph A. "Tony" Rodriguez
    Federal Admissions No. 10107
    State Bar No. 17146600
    RODRIGUEZ, COLVIN & CHANEY, L.L.P.
    1201 East Van Buren
    P.O. Box 2155
    Brownsville, Texas 78522
    Telephone:  (956) 542-7441
    Facsimile:  (956) 541-2170
    **ATTORNEYS FOR DEFENDANTS**

Respectfully submitted,

LAW OFFICES OF FRANK COSTILLA, P.L.L.P.
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 541-4982
Facsimile: (956) 544-3152

*Frank Costilla*

**Frank Costilla**
Federal ID No. 1509
State Bar No. 04856500
**ATTORNEY FOR PLAINTIFF**


RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

*Joseph A. Rodriguez by FC w/ permission*

**Joseph A. "Tony" Rodriguez**
Federal ID No. 10107
State Bar No. 17146600
**ATTORNEY FOR DEFENDANTS**